[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
In his pro se petition, the petitioner, Anthony McKnight ("McKnight"), seeks a writ of mandamus commanding the Respondent to pay him five years of salary pursuant to General Statutes § 5-142, as well as money damages. The Respondent has moved to dismiss the petition. For the reasons set forth below, the motion to dismiss must be granted.
 I BACKGROUND
McKnight asserts that he is employed by the Department of Corrections ("DOC") and in 1993, while working at the New Haven Community CT Page 9082 Correctional Center, sustained an injury entitling him to compensation pursuant to General Statutes § 5-142 (a) (temporary total disability), § 5-169 (i) (disability retirement) and § 5-173
(hazardous duty retirement). Attached to McKnight's petition is a copy of a decision rendered by the Workers' Compensation Commissioner dismissing McKnight' s earlier claim that the DOC by denying him benefits pursuant to § 5-142 (a), violated General Statutes § 31-290a.[1]
McKnight took an appeal from this decision and the Appellate Court, via a per curium order, affirmed the decision of the Worker's Compensation Commissioner. See McKnight v. Department of Correction, et al.,52 Conn. App. 902 (1999).
Other than the unsuccessful claim for damages pursuant to § 31-290a, the petition does not allege any other efforts to seek administrative remedies.
 II DISCUSSION
The Respondent has asserted numerous grounds in support of its motion. Many of the grounds asserted may not properly be raised by a motion to dismiss.[2] The claim, however, that McKnight has not established exhaustion of his administrative remedies is correct and requires dismissal of this petition.
On the present record, this court can only find that McKnight sought an award pursuant to § 31-290a which was denied. Indeed, the Worker's Compensation Commissioner expressly noted that McKnight had open claims through which he could seek benefits under various aspects of the Workers Compensation Act including temporary total disability, temporary partial disability and permanent partial disability.
McKnight's claim that he principally seeks benefits under § 5-142
does not require a different result. That statute, by its terms, makes the provisions of the worker's compensation law applicable to claims of § 5-142 benefits. Moreover, his claims for disability retirement under § 5-169 (i) and hazardous duty retirement under § 5-173
contain no allegation that he sought these benefits through the statutorily designated administrative agencies. In sum, McKnight has not established through his petition or any other proof that he exhausted his previously available administrative remedies. To the contrary, as noted above, it appears that there were such remedies that were available to him in 1994 that he chose not to pursue.
It is a settled principle of administrative law that if an adequate CT Page 9083 administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act. O G Industries v. Planning Zoning Commission, 232 Conn. 419, 425 (1995). The
Respondent's motion to dismiss must be granted.
So Ordered at New Haven, Connecticut, this 3rd day of July, 2001.
 ___________________ DEVLIN, JUDGE